UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIA STORRS,

    Plaintiff,                    CIVIL ACTION NO. 13-cv-10628

    v.                           DISTRICT JUDGE MARK A. GOLDSMITH

P & B CAPITAL GROUP, LLC,      MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Before the Court is Plaintiff's Motion for Attorney's Fees and Costs. (Docket no. 24.) Defendant filed a Response to Plaintiff's Motion. (Docket no. 26.) The motion has been referred to the undersigned for consideration. (Docket no. 28.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

    For the reasons that follow, the undersigned recommends that Plaintiff's Motion for Attorney's Fees and Costs (docket no. 24) be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff should be awarded $2,500.00 in attorney's fees and $356.31 in costs, for a total award of $2,856.31.

**II.    REPORT**

    **A.    Facts and Procedural History**

    Plaintiff Khalia Storrs initiated this action on February 14, 2013, against Defendant P & B Capital Group, LLC for violations of the Fair Debt Collection Practices Act (FDCPA), the Michigan

Occupational Code, and the Michigan Collection Practices Act. (Docket no. 1.) On February 4, 2014, the parties stipulated to and the Court entered a judgment in favor of Plaintiff and against Defendant in the amount of $1,151.00 "in full and final satisfaction of any and all damages sought from Defendant in this action." (Docket no. 23 at 2.) The Court also ordered Defendant to pay Plaintiff's reasonable attorney's fees and costs in an amount agreed to by the parties or as determined by the Court upon Motion. (*Id.*) Plaintiff filed the instant Motion for Attorney's Fees and Costs on February 19, 2014 (docket no. 24), to which Defendant responded on March 5, 2014 (docket no. 26).

    **B.    Governing Law**

A debt collector who fails to comply with the FDCPA is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett v. Bryant Lafayette and Assocs., LLC*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney's fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5)

the expenses incurred; and (6) the nature and length of the professional relationship with the client."

*Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

    The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).

### C.    Analysis

Plaintiff, in her Motion, seeks $3,980.00 in attorney's fees and $356.31 in costs, totaling $4,336.31. (Docket no. 24 at 1-2.) Plaintiff's attorneys assert that their firm spent a total of 17.4 hours on this matter, broken down as follows: (1) Attorney Gary Nitzkin - 2.4 hours; (2) Attorney Travis Shackelford - 6.5 hours; and (3) paralegals - 8.5 hours. (*See* docket no. 24-7.) Defendant opposes Plaintiff's Motion on the basis that the attorney's fees requested are excessive, duplicative, and unnecessary in light of the complexity of the matter. (*See* docket no. 26.)

        *1.    Reasonable Number of Hours*

As noted, Defendant generally asserts that the number of hours expended by Plaintiff's counsel is unnecessarily excessive and duplicative based on the "boilerplate" nature of the case. (Docket no. 26 at 6-7.) Specifically, Defendant finds fault with the number of hours expended

drafting Plaintiff's Complaint, reviewing and accepting the Offer of Judgment, and drafting the instant Motion and its exhibits. (*Id*. at 7-8.) Defendant also asserts that there is no basis to charge Defendant for the time that Plaintiff's counsel spent securing permission for Plaintiff to appear by telephone at the settlement conference in this matter. (*Id*. at 7.)

As stated above, the Court must be assured that the hours expended were reasonable. The Court pays attention to whether cases are overstaffed, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours expended, attorneys are to give a court sufficient detail to evaluate the fee award. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist, Co.*, No. 05-70110, 2011 WL 204750, at *4 (E.D. Mich. Jan. 21, 2011) (Roberts, J.) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case." "The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.") (internal quotation marks and citations omitted). If the documentation of hours is inadequate, "the district court may reduce the award accordingly." *Id*. at *5 (citation omitted).

The undersigned finds that Plaintiff's counsels' accounting of fees and costs is sufficiently detailed. (*See* docket no. 24-7.) Nevertheless, the undersigned agrees with Defendant that the amount of time spent on certain items is excessive or duplicative and will reduce such time as follows:

- Attorney Nitzkin asserts that he spent 1.5 hours reviewing Plaintiff's file and drafting her Complaint. (*Id*. at 2.) It should not take an attorney with 20 years of experience of handling identical cases 1.5 hours to review a file and draft a five-page complaint, most of which is standard language. The undersigned finds 1.5 hours excessive in

-4-

>    this instance and recommends that it be reduced to 1 hour of time.
>
> •   One of Plaintiff's counsels' paralegals spent 1.3 hours total on three separate dates making telephone calls and drafting letters to secure permission for Plaintiff to appear at the settlement conference via telephone. (*Id.* at 3.) The undersigned finds the number of hours spent on such a task to be excessive and recommends a reduction from 1.3 hours to 0.5 hours.
>
> •   Plaintiff's counsel asserts that it took a paralegal 0.5 hours to review an email from Plaintiff accepting Defendant's Offer of Judgment and draft Plaintiff's acceptance of said Offer. (*Id.* at 4.) Plaintiff's acceptance is a document containing one paragraph of text and is likely a standard template used by Plaintiff's counsel's firm. It should not take even an inexperienced paralegal that much time to read an email and fill in a one-paragraph template. The undersigned recommends that this time entry be reduced from 0.5 hours to 0.2 hours.
>
> •   Attorney Shackelford asserts that he spent a total of 2 hours drafting the instant Motion for Attorney's Fees and Costs, the Accounting of Fees and Costs, and the affidavits of the firm's staff for time incurred. (*Id.*) Similar to Plaintiff's Complaint, the instant Motion contains pages of boilerplate language and is likely a template for which Plaintiff's counsel only had to fill in the facts specific to Plaintiff's case. The same can be said for the staff affidavits. The undersigned finds that the number of hours expended on these tasks is excessive and recommends that it be reduced by 50 percent from 2 hours to 1 hour.

For the reasons stated above, the undersigned recommends that the total number of hours expended by Plaintiff's counsel on this matter be reduced as follows: (1) Attorney Gary Nitzkin - from 2.4 hours to 1.9 hours; (2) Attorney Travis Shackelford - from 6.5 hours to 5.5 hours; and (3) paralegals - from 8.5 hours to 7.4 hours, for a total of 14.8 hours expended.

>    2.   *Reasonable Hourly Rates*

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir.2000) (internal quotation marks and citations omitted). In assessing the reasonable hourly rate, the court should assess the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895

(1984). The prevailing market rate is "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Addock–Ladd*, 227 F.3d at 350.

While Attorney Nitzkin charges $350.00 per hour, this does not end the Court's inquiry. Attorney Nitzkin has been practicing law in Michigan for over 25 years. He is the founder of Michigan Consumer Credit Lawyers, located in Southfield, Michigan, which specializes in consumer law and focuses on consumer protection. (Docket no. 24 at 16-17; Docket no. 24-2 at 2; *see also* http://www.micreditlawyer.com/our-team/.)

A review of the 2014 State Bar of Michigan Economics of Law Practice Attorney Income and Billing Rate Summary Report, which reports data from the year 2013, reveals the following:

- the median billing rate for managing partners, equity partners, shareholders, and non-equity partners at law firms in Michigan is $250.00 to $325.00 per hour;

- the median billing rate for attorneys with 26 to 35 years of experience in Michigan is $250.00 per hour;

- the median billing rate for attorneys in firms with 2 attorneys in Michigan is $225.00 per hour;

- the median billing rate for attorneys at law firms in Southfield, Michigan, is $275.00 per hour;

- the median billing rate for attorneys practicing consumer law in Michigan is $335.00 per hour; and

- the median billing rates for attorneys practicing in Oakland County, Michigan, and Wayne County, Michigan, are both $250.00 per hour.

*See* 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (July 2014), *available at* http://www.michbar.org/pmrc/articles/0000151.pdf. Thus, without any adjustment, it appears that a rate between $225.00 per hour and $335.00 per hour is

reasonable for Attorney Nitzkin.

An upward adjustment of this fee is not appropriate based upon the perfunctory nature of this matter and the rote pleadings filed in this case. Moreover, Plaintiff's case did not involve any novel or complex issues; to the contrary, it was a reasonably simple matter in which Plaintiff essentially concurred in the result. Therefore, considering the skill, time and labor involved, the amount in question and the results achieved, and the difficulty of the motion at hand, no upward adjustment is appropriate with regard to Attorney Nitzkin's fees in this particular situation.[1] Therefore, the undersigned recommends that Attorney Nitzkin be afforded a reasonable hourly rate of $275.00 per hour. The undersigned further recommends that Attorney Shackelford be afforded a rate of $225.00 per hour and the paralegals a rate of $100.00 per hour.

        3.    *Lodestar Calculation*

Based on the above analysis, the Lodestar calculation is as follows:

| | | |
|---|---|---|
| Attorney Gary Nitzkin: | $ 522.50 | ($275.00 x 1.9 hours) |
| Attorney Travis Shackelford: | 1,237.50 | ($225.00 x 5.5 hours) |
| Paralegals: | 740.00 | ($100.00 x 7.4 hours) |
| Total Attorney Fees: | $2,500.00 | |

Finally, Plaintiff's attorneys state that their costs include $350.00 for filing Plaintiff's Complaint and $6.31 for service of the Complaint via certified mail. (Docket no. 24-7 at 4.) These fees are reasonable and necessary in light of Plaintiff's Complaint. Therefore, the undersigned recommends awarding Plaintiff $2,500.00 in attorney's fees and $356.31in costs, for total fees and costs in the amount of $2,856.31.

---

[1] Plaintiff provided no relevant information with regard to the nature of Attorney Nitzkin's professional relationship with Plaintiff.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 1, 2014          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

  I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 1, 2014    s/ Lisa C. Bartlett
             Case Manager